UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **ONTEL PRODUCTS CORPORATION,**<br><br>Plaintiff,<br><br>v.<br><br>**THE UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,**<br><br>Defendants. | Civil Action No. 1:20-cv-1124 |

## VERIFIED COMPLAINT

Plaintiff Ontel Products Corporation, ("Plaintiff" or "Ontel"), by counsel, alleges as follows for its Verified Complaint against the Defendant Unincorporated Associations identified in Schedule A (collectively "Defendants").[1]

## NATURE OF THE SUIT

1. Ontel files this action to combat online counterfeiters who trade upon its world-renowned reputation by selling unauthorized and unlicensed counterfeit MAGIC TRACKS toy racing products using counterfeit versions of Ontel's federally-registered MAGIC TRACKS

---

[1] As set forth in Plaintiff's Motion to Seal and for the reasons set forth in its *Ex Parte* Motion for Temporary Restraining Order, temporarily sealing Defendants' names is necessary to prevent Defendants from learning of these proceedings prior to the execution of the temporary restraining order, and the likelihood that Defendants would transfer all funds out of U.S.-based accounts upon receiving notice of this action.

trademark (the "Counterfeit MAGIC TRACKS Products"). Defendants create hundreds of online product listings and design them to appear as though they are selling genuine MAGIC TRACKS products, while instead selling Counterfeit MAGIC TRACKS Products to unknowing consumers. Defendants attempt to avoid liability by concealing their identities and the full scope and interworking of their counterfeiting operations. Ontel is thus forced to file this action to combat Defendants' unauthorized use of its registered trademark, as well as to protect unknowing consumers from purchasing the inferior Counterfeit MAGIC TRACKS Products. Ontel has been, and continues to be, irreparably damaged through infringement and tarnishment of its valuable trademark as a result of Defendants' willful actions, and seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq*., 28 U.S.C. § 1338(a)-(b), 28 U.S.C. § 1331, and 28 U.S.C. §1121.

3. Ontel's claims against Defendants for counterfeiting, trademark infringement, and false designation of origin are based on Defendants' misuse of Ontel's trademark to market and sell Counterfeit MAGIC TRACKS Products, sale and shipment of such counterfeit products to consumers in this District, and use of instrumentalities in the District to promote and sell Counterfeit MAGIC TRACKS Products including through use of online marketplaces such as eBay.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Virginia and this District, through at least the Online Marketplace Accounts/Internet Stores identified in Schedule

A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are seeking to do business with this District's residents by operating one or more commercial Defendant Internet Stores through which Virginia residents are misled to purchase counterfeit products using Ontel's trademark. Each of the Defendants has targeted sales from Virginia residents by operating online stores that offer shipping to the United States, including Virginia and this District, and accepts payment in U.S. dollars. Ontel has confirmed that Defendants ship their Counterfeit MAGIC TRACKS Products to this District by requesting shipping information from each of the Defendants' Internet Stores, and by purchasing products and having them shipped into this District. Each of the Defendants is committing tortious acts in Virginia, is engaging in interstate commerce, and has wrongfully caused Ontel substantial injury in the State of Virginia.

## PARTIES

**Plaintiff**

5. Plaintiff Ontel is a corporation organized in the State of New Jersey, with its principal place of business at 21 Law Drive, Fairfield, New Jersey 07004.

6. Ontel is a leading developer, producer, marketer, and distributor of quality, innovative consumer products.

7. Ontel promotes and sells its products through national direct response television advertising, commonly called "As Seen On TV" ("ASOTV"). Ontel also sells its ASOTV products at well-known mass retail outlets, through catalog companies, online through individual websites for each item and other retail customer websites, as well as through a network of international distributors.

8. Ontel is the owner of distinctive trademarks, including the MAGIC TRACKS Trademark, which is associated with Ontel's successful children's toy vehicle and track set.

3

Ontel's trademarks symbolize the brand's marketability, reputation, and goodwill. Consumers have long associated the Ontel brand with a variety of well-known ASOTV products. Indeed, the Ontel brand is one of the most well-recognized ASOTV brands in the world. For example, a recent article published by Yahoo! Finance lauded Ontel as the "global leader in direct response marketing, innovation and product distribution that leads the direct response industry in designing life-altering products, creating blockbuster marketing campaigns, and distributing to over 80,000 of the greatest retailers in the world."[2]

9. Ontel uses and owns registered and unregistered trademarks and trade dress, including the following federally registered trademark, for the MAGIC TRACKS product (the "MAGIC TRACKS Trademark"):

| Reg. No. | Mark | Reg. Date | First Use in Commerce | Goods |
|---|---|---|---|---|
| 5143300 | MAGIC TRACKS | Feb. 14, 2017 | Jul. 18, 2016 | Class 28: Toy building structures and toy vehicle tracks; Toy vehicle track sets and roadways and accessories therefor |

10. The MAGIC TRACKS Trademark has been used exclusively and continuously by Ontel and has never been abandoned. The above U.S. registration for the MAGIC TRACKS Trademark is valid and subsisting in full force and effect. A true and correct "status" copy of this registration, obtained from the Trademark Status Document Retrieval ("TSDR") database of the United States Patent and Trademark Office, is attached hereto as **Exhibit 1**. The

---

[2] *See* Yahoo! Finance, "GL Brands Inc.'s Green Lotus Partners with 'As Seen on TV' Leader Ontel®Products Corp. to Launch Hemp Topical 'Green Relief,'" March 23, 2020, https://finance.yahoo.com/news/gl-brands-inc-green-lotus-172900110.html (last accessed July 20, 2020).

registration for the MAGIC TRACKS Trademark constitutes *prima facie* evidence of its validity and of Ontel's exclusive right to use the trademark pursuant to 15 U.S.C. § 1057(b).

11. The MAGIC TRACKS Trademark performs an important source-identifying function for Ontel's toy vehicle track sets, roadways, and accessories, signifying to purchasers that the products come from Ontel and are manufactured according to Ontel's high-quality standards. The MAGIC TRACKS Trademark is inherently distinctive, and has acquired considerable brand loyalty through Ontel's sales and promotion, and via direct word-of-mouth promotion by consumers. In addition, Ontel has expended significant effort in developing the MAGIC TRACKS Trademark in the United States. The market reputation and consumer goodwill associated with the MAGIC TRACKS Trademark are of incalculable and inestimable value to Ontel.

**Defendants**

12. Defendants are individuals and business entities that, upon information and belief, reside in China, and elsewhere outside the United States. Defendants conduct business throughout the United States, including within the State of Virginia and this Judicial District, through the operation of online marketplaces such as eBay. Each Defendant targets the United States, including Virginia, and has offered to sell, has sold and, on information and belief, continues to sell Counterfeit MAGIC TRACKS Products to consumers within the United States, including the State of Virginia and this District.

13. On information and belief, Defendants knowingly and willfully manufacture, import, distribute, offer for sale, and sell products using counterfeit versions of the MAGIC TRACKS Trademark in the same transaction, occurrence, or series of transactions or occurrences. Defendants each use similar or the same pictures and descriptions of the Counterfeit MAGIC TRACKS Products in their Online Marketplaces. Tactics used by Defendants to

conceal their identities and the full scope of their counterfeiting operation make it virtually impossible for Ontel to learn Defendants' true identities and the exact interworking of their counterfeit network. In the event that Defendants provide additional credible information regarding their identities, Ontel will take appropriate steps to amend the Complaint.

## DEFENDANTS' UNLAWFUL CONDUCT

14. The success of the Ontel's MAGIC TRACKS brand has resulted in significant counterfeiting of its MAGIC TRACKS products. To combat that unfortunate but predictable reality, Ontel was forced to initiate an anti-counterfeiting program designed to regularly investigate suspicious websites and online marketplace listings identified in proactive Internet sweeps and reported by consumers. Despite Ontel's enforcement efforts online and on the ground, Defendants have persisted in creating the Defendant Internet Stores. Internet websites like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and generate nearly $500 billion in global online sales annually.[3] According to an intellectual property rights seizures statistics report issued by Homeland Security, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in fiscal year 2018 was over $1.4 billion.[4] Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

---

[3] *See* Alanna Petroff, "The Fakes Industry is worth $461 billion," April 18, 2016, http://money.cnn.com/2016/04/18/news/economy/fake-purses-shoes-economy-counterfeit-trade/index.html (last accessed June 5, 2019).

[4] *See* Homeland Security, "Combatting Trafficking in Counterfeit and Pirated Goods: Report to the President of the United States, January 24, 2020," https://www.dhs.gov/sites/default/files/publications/20_0124_plcy_counterfeit-pirated-goods-report_01.pdf.

15. Recently, Ontel became aware of Defendants' online sales of MAGIC TRACKS products, and strongly suspected such goods were counterfeit. Defendants were selling these counterfeit goods by the thousands, and the goods were priced at substantially lower prices than genuine MAGIC TRACKS products. Many of the eBay listings for the goods stated the goods were MAGIC TRACKS products, contained images of the products bearing the MAGIC TRACKS Trademark, and/or included images of what appeared to be exact copies of MAGIC TRACKS products. Ontel reviewed offerings from each of the Defendant Internet Stores to determine their authenticity. Copies of the counterfeit product offerings from the Defendant Internet Stores on eBay are attached as **Exhibit 2**. This review led to the determination that the products offered by the Defendant Internet Stores were, in fact, Counterfeit MAGIC TRACKS Products.

16. On information and belief, Defendants reside primarily in China and utilize Defendant Internet Stores to sell Counterfeit MAGIC TRACKS Products by the thousands.

17. On information and belief, Defendants act in concert to make and distribute the Counterfeit MAGIC TRACKS Products to the United States. These tactics include similar pricing structures, similar descriptions of the Counterfeit MAGIC TRACKS Products, similar product sourcing, similar photos, and similar payment methods.

18. Defendants offer to ship, and in fact do ship, the goods into this Judicial District. Images of the shipping page from each of the Defendant Internet Stores are attached as **Exhibit 3**.

19. Ontel has inspected the goods offered by Defendants and has determined that they are counterfeit. Almost all of Defendants' Counterfeit MAGIC TRACKS Products are nothing more than cheap, low quality imitations of genuine MAGIC TRACKS products.

20. Defendants drive sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be Ontel authorized online retailers, outlet stores, or wholesalers. Defendants further perpetuate the illusion of legitimacy by purporting to offer "customer service" and using indicia of authenticity and security that consumers have come to associate with Ontel's authorized retailers, including the Visa®, MasterCard®, and/or PayPal® logos. Ontel has not licensed or authorized Defendants to use its MAGIC TRACKS Trademark, and none of the Defendants are authorized retailers of genuine MAGIC TRACKS products.

21. Defendants also deceive unknowing consumers by using Ontel's MAGIC TRACKS Trademark without authorization within the content, text, and/or meta tags of their websites in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for MAGIC TRACKS products. On information and belief, Defendants use the MAGIC TRACKS Trademark as part of their product listings while using strategic item titles and descriptions that will trigger their listings when consumers are searching for MAGIC TRACKS products.

22. Further, on information and belief, Defendants have gone to great lengths to conceal their identities and often use multiple fictitious names, business names, and addresses to register and operate their network of Defendant Internet Stores. And, so far, these actions have been successful because, despite Ontel's good faith attempts to identify Defendants, Ontel is unable to reliably determine any of the Defendants' identities. On information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many

common tactics used by Defendants to conceal their identities, the full scope and interworking of their counterfeiting operations, and to avoid being shut down.

23. In addition to operating under multiple fictitious names, Defendants in this case, and defendants in other similar cases against online counterfeiters, use a variety of other common tactics to evade enforcement efforts. For example, counterfeiters like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Counterfeiters also typically ship products in small quantities *via* international mail to minimize detection by U.S. Customs and Border Protection. A 2012 U.S. Customs and Border Protection report on seizure statistics indicates that the Internet has fueled "explosive growth" in the number of small packages of counterfeit goods shipped through the mail and express carriers.[5]

24. Further, counterfeiters such as Defendants typically operate multiple credit card merchant accounts behind layers of payment gateways so that they can continue operation in spite of Ontel's enforcement efforts. On information and belief, Defendants maintain offshore bank accounts and regularly move funds from their accounts to offshore bank accounts outside the jurisdiction of this Court.

25. Finally, Defendants also regularly falsely describe their products to evade detection by Ontel and the authorities, and to circumvent controls on these types of products implemented by the online marketplaces. *See* **Exhibit 2.**

26. Defendants, without any authorization or license from Ontel, have knowingly and willfully used and continue to use Ontel's MAGIC TRACKS Trademark in connection with the

---

[5] *See* Homeland Security, "Intellectual Property Rights: Fiscal Year 2012 Seizure Statistics," 2012, https://www.cbp.gov/sites/default/files/documents/FY2012%20IPR%20Seizure%20Statistics_0.pdf (last accessed August 24, 2018).

advertisement, distribution, offering for sale, and sale of Counterfeit MAGIC TRACKS Products into the United States, including Virginia, over the Internet. The Defendant Internet Stores offer shipping to the United States, including Virginia, and each Defendant has sold Counterfeit MAGIC TRACKS Products in the United States, including Virginia and this District.

27. Defendants' use of Ontel's MAGIC TRACKS Trademark in connection with the advertising, distribution, offering for sale, and sale of Counterfeit MAGIC TRACKS Products, including the sale of Counterfeit MAGIC TRACKS Products in the United States and Virginia, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Ontel.

## JOINDER IS APPROPRIATE

28. Joinder is appropriate because, on information and belief, Defendants sale of Counterfeit MAGIC TRACKS Products gives rise to a plausible expectation that discovery will reveal that Defendants' actions all arise from the same transaction, occurrence, or series of transactions or occurrences. Specifically, on information and belief, Defendants are actively participating in a conspiracy to distribute and sell Counterfeit MAGIC TRACKS Products. For example, Defendants, on information and belief, are working together to manufacture, arrange the manufacture of, and/or sell and otherwise distribute the Counterfeit MAGIC TRACKS Products. Moreover, the Counterfeit MAGIC TRACKS Products share similar characteristics, including, for example, similar product listings, incorrect packaging, and shapes and sizes.

29. It is also well recognized that China-based counterfeiters typically work in a conspiracy to achieve larger market shares and faster production. For example, one recent Forbes article explained that "the whole [Chinese counterfeiting] system is cooperative, based on the

concept of *gongban*, which roughly translates to a public bowl. Meaning, people want to share… So people are starting to share and that turns out to drive the whole industry to move so fast."[6]

30. In this case, Defendants sell the Counterfeit MAGIC TRACKS Products using the same Internet platforms, such as eBay. The Defendant Internet Stores also describe the Counterfeit MAGIC TRACKS Products using similar descriptions and pictures.

## COUNT I - TRADEMARK INFRINGEMENT AND COUNTERFEITING
## (15 U.S.C. § 1114)

31. Ontel hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 30.

32. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of Ontel's federally-registered MAGIC TRACKS trademark in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. Ontel's Trademark is a distinctive mark.

33. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of Ontel's MAGIC TRACKS Trademark without Ontel's permission.

34. Ontel is the exclusive owner of Ontel's Trademark. Ontel's United States registration (**Exhibit 1**) is in full force and effect. Upon information and belief, Defendants have knowledge of Ontel's rights in Ontel's Trademark, and are willfully infringing and intentionally using counterfeits of Ontel's Trademark. Defendants' willful, intentional, and unauthorized use

---

[6] Wade Shepard, "Amazon And Ebay Opened Pandora's Box Of Chinese Counterfeits And Now Don't Know What To Do," Oct 28, 2017, *available at* https://www.forbes.com/sites/wadeshepard/2017/10/28/amazon-and-ebay-opened-pandoras-box-of-chinese-counterfeits-and-now-dont-know-what-to-do/#24b855c46a25

of Ontel's Trademark is likely to cause, and is causing, confusion, mistake, and deception as to the origin and quality of the Counterfeit MAGIC TRACKS Products among the general public.

35. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

36. Ontel has no adequate remedy at law and, if Defendants' actions are not enjoined, Ontel will continue to suffer irreparable harm to its reputation and the goodwill of Ontel's Trademark.

37. The injuries and damages sustained by Ontel has been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit MAGIC TRACKS Products.

**COUNT II- FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 1125(a))**

38. Ontel hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 37.

39. Defendants' promotion, marketing, offering for sale, and sale of Counterfeit MAGIC TRACKS Products has created, and is creating, a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Ontel or the origin, sponsorship, or approval of Defendants' Counterfeit MAGIC TRACKS Products by Ontel.

40. By using Ontel's Trademark on the Counterfeit MAGIC TRACKS Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit MAGIC TRACKS Products.

41. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit MAGIC TRACKS Products to the general public

involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

42. Ontel has no adequate remedy at law and, if Defendants' actions are not enjoined, Ontel will continue to suffer irreparable harm to its reputation and the associated goodwill of its Ontel brand.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment against Defendants as follows:

A. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using Ontel's Trademark or any reproductions, counterfeit copies, or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Ontel MAGIC TRACKS Product or is not authorized by Ontel to be sold in connection with Ontel's Trademark;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Ontel MAGIC TRACKS product or any other product produced by Ontel, that is not Ontel's or not produced under the authorization, control, or supervision of Ontel and approved by Ontel for sale under Ontel's Trademark;

    c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit MAGIC TRACKS Product are those sold under the authorization, control or supervision of Ontel, or are sponsored by, approved by, or otherwise connected with Ontel;

    d. further infringing Ontel's Trademark and damaging Ontel's goodwill; and

  e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Ontel, nor authorized by Ontel to be sold or offered for sale, and which bear the MAGIC TRACKS Trademark, or any reproductions, counterfeit copies, or colorable imitations thereof.

B. Entry of an Order that, upon Ontel's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, Amazon, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third-party processors and other payment processing service providers, Internet search engines such as Google, Bing, and Yahoo (collectively, the "Third Party Providers") shall:

  a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using the Ontel's Trademark; and

  b. disable and cease displaying any advertisements used by, or associated with, Defendants in connection with the sale of counterfeit and infringing goods using the Ontel's Trademark.

C. That Defendants account for, and pay to Ontel, all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of Ontel's Trademark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117.

D. In the alternative, that Ontel be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of Ontel's Trademark.

E. That Ontel be awarded its reasonable attorneys' fees and costs.

F. Award any and all other relief that this Court deems just and proper.

Date: September 25, 2020

Respectfully submitted,

 /s/ Monica Riva Talley
Monica Riva Talley (VSB No. 41840)
Nicholas J. Nowak (*pro hac pending*)
Daniel S. Block (*pro hac pending*)
STERNE KESSLER GOLDSTEIN & FOX, PLLC
1100 New York Ave., N.W., Suite 600
Washington, DC 20005-3934
Telephone No.: (202) 371-2600
Facsimile No.: (202) 371-2540
mtalley@sternekessler.com
nnowak@sternekessler.com
dblock@sternekessler.com

*Attorneys for Plaintiff*

15647237.1

## VERIFICATION OF VERIFIED COMPLAINT

I, Caroline Kinsey, under penalty of perjury of the laws of the United States declare:

I am employed by Ontel Products Corporation as General Counsel and Vice President of Compliance and Brand Protection, and I have read, and am familiar with, and have personal knowledge of the contents of the foregoing Verified Complaint; and that the allegations thereof are true and correct or, to the extent that matters are not within my personal knowledge, that the facts stated therein have been assembled by authorized personnel, including counsel, and that I am informed that the facts stated therein are true and correct.

Executed on September 24, 2020

_____
Caroline Kinsey
General Counsel, Vice President of
Compliance and Brand Protection
Ontel Products Corporation